UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANG W. MENDY,<br><br>      Plaintiff,<br>  v.<br><br>TRACY L. LARSON et al.,<br><br>      Defendants. | CASE NO. 2:22-cv-01426-LK<br><br>ORDER DENYING MOTION FOR PROTECTIVE ORDER AND REQUESTING SUPPLEMENTAL BRIEFING |

   This matter comes before the Court on the motion of Defendant American Security Programs, Inc. ("ASP") for a protective order, which it filed as a joint expedited motion pursuant to Local Civil Rule 37. Dkt. No. 95. The Court appreciates the parties' efforts to submit their discovery dispute under Rule 37. Having carefully reviewed that submission, the Court DENIES ASP's motion because whether the Stock Purchase Agreement, Dkt. No. 97 at 3–160, is supported by consideration is relevant to the parties' dispute, *see* Dkt. No. 82 at 3 (noting that the Stock Purchase Agreement in redacted form fails to show any consideration), and producing the purchase price in unredacted form is proportional to the needs of the case. However, the parties must first execute a confidentiality agreement as described below.

ORDER DENYING MOTION FOR PROTECTIVE ORDER AND REQUESTING SUPPLEMENTAL BRIEFING - 1

The Court ORDERS the following:

1. ASP's motion for a protective order, Dkt. No. 95, is DENIED.

2. If the parties have not already done so, within seven days of the date of this Order they must execute a confidentiality agreement protecting the redacted information in the Stock Purchase Agreement. This agreement need not be submitted to the Court.

3. Upon execution of the confidentiality agreement, ASP must submit to Plaintiff Sang Mendy the Stock Purchase Agreement without redactions to the purchase price.[1]

4. Within five business days of receipt of the unredacted Stock Purchase Agreement, Mendy must file a supplemental brief of no more than 2,100 words addressing how (if at all) the unredacted information affects his opposition to ASP's motion for summary judgment, *see* Dkt. No. 82. The supplemental brief may not assert new arguments that could have been raised in Mendy's opposition brief.

5. Within four business days thereafter, ASP may file an optional reply of no more than 2,100 words.

Dated this 8th day of May, 2024.

*Lauren King*

Lauren King
United States District Judge

---

[1] ASP has filed two versions of the Stock Purchase Agreement under seal, *see* Dkt. Nos. 94, 97, without complying with the requirements for filing a document under seal under Local Civil Rule 5(g). Because the standards for discoverability and sealing are different, the Rule 37 motion is insufficient to comply with Rule 5(g). If the Court does not receive a proper motion pursuant to Rule 5(g)(2)(B) by May 13, 2024, it will unseal docket entries 94 and 97. The Court further notes that the fact that the redacted information will be protected by a confidentiality agreement does not entitle ASP to file it under seal. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (describing the standards for sealing).

ORDER DENYING MOTION FOR PROTECTIVE ORDER AND REQUESTING SUPPLEMENTAL BRIEFING - 2